**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| REPUBLICAN NATIONAL COMMITTEE, *et al*., | ) ) ) | |
| Plaintiffs, | ) ) | Civ. No. 14-853 (CRC) |
| v. | ) ) ) | MEMORANDUM IN SUPPORT OF MOTION FOR RULE 56(d) RELIEF |
| FEDERAL ELECTION COMMISSION, | ) ) | AND IN OPPOSITION TO SUMMARY JUDGMENT |
| Defendant. | ) ) | |

**DEFENDANT FEDERAL ELECTION COMMISSION'S MEMORANDUM IN
SUPPORT OF MOTION TO ALLOW TIME FOR DISCOVERY UNDER RULE 56(d)
AND IN OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

Lisa J. Stevenson
Deputy General Counsel – Law

Kevin Deeley
Acting Associate General Counsel

Harry J. Summers
Assistant General Counsel

Seth Nesin
Greg Mueller
Charles Kitcher
Attorneys

COUNSEL FOR DEFENDANT
FEDERAL ELECTION COMMISSION
999 E Street NW
Washington, DC 20463
(202) 694-1650

July 31, 2014

**TABLE OF CONTENTS**

**Page**

I.  BACKGROUND .................................................................................................2

      A.      The Parties and the Challenged Provisions.......................................................2

      B.      Procedural History .................................................................................3

II.  THE COURT SHOULD GRANT THE COMMISSION'S RULE 56(d) MOTION
    AND DENY PLAINTIFFS' SUMMARY JUDGMENT MOTION IN ORDER
    TO ALLOW ADEQUATE TIME FOR DISCOVERY .......................................................5

      A.      Plaintiffs' Summary Judgment Motion is Premature Because It Was
                 Filed Soon After the Complaint and Before Adequate Time for Discovery .....5

      B.      Rule 56(d) Bars Plaintiffs from Railroading the FEC into Summary
                 Judgment Briefing Without Discovery Essential to Its Defense of This
                 Constitutional Challenge..................................................................................7

III. CONCLUSION..................................................................................................11

Pursuant to Federal Rule of Civil Procedure 56(d), defendant Federal Election

Commission ("FEC" or "Commission") requests that the Court deny plaintiffs' premature

motion for summary judgment in order to allow the FEC time to discover facts necessary to its

defense.  Plaintiffs have moved for summary judgment before the FEC has even answered their

Complaint, which asserts constitutional challenges to political party contribution limits,

prohibitions on receiving and spending soft money, and associated prohibitions on the

solicitation of soft money.  Without discovery, the Commission cannot gather and present facts

essential to counter these claims.  As the FEC explains in its accompanying declaration, if this

Rule 56(d) motion is granted, the FEC will conduct discovery of plaintiffs and others to show the

threats of *quid pro quo* corruption and its appearance that exist today in the case of national,

state, and local party committees like the plaintiffs, as applied to funds raised in unlimited

amounts to finance party independent expenditures supporting federal candidates.

For decades, courts have stressed the importance of a full factual record in cases

involving, as this one does, constitutional challenges to the Federal Election Campaign Act, 2

U.S.C. §§ 431-57 ("FECA").  Indeed, a district court in the Eastern District of Virginia recently

granted the FEC's Rule 56(d) motion where political committee claimants had likewise sought

summary judgment immediately after filing a constitutional challenge to FECA, concluding that

an "adequate factual record is necessary for proper consideration of plaintiffs' constitutional

claims."  (*See* FEC's Notice of Supplemental Authority ("FEC Supp. Auth.") at 2 (Docket No.

19).)  In fact, the plaintiffs in this case asserted in their Complaint that defending the provisions

they challenge "requires evidence" of how the provisions address the government's interests in

preventing corruption and its appearance.  (Verified Compl. for Declaratory and Injunctive

Relief ("Compl.") ¶¶ 40, 47, 54 (Docket No. 1).)  This Court should therefore grant the

Commission's Rule 56(d) motion and deny plaintiffs' summary judgment motion to allow the

agency adequate time for discovery, subject to the renewal of plaintiffs' motion after discovery.

## I.      BACKGROUND

### A.      The Parties and the Challenged Provisions

The FEC is the independent agency of the United States government with statutory

authority over the administration, interpretation, and civil enforcement of FECA.  *See* 2 U.S.C.

§§ 437c(b)(1), 437d(a)(7)-(8), 437g, 438(a)(8).  Congress enacted FECA primarily "to limit the

actuality and appearance of corruption resulting from large individual financial contributions."

*Buckley v. Valeo*, 424 U.S. 1, 26 (1976).  To that end, individuals are not permitted to make

contributions to "political committees established and maintained by a national political party" in

excess of $32,400 in a calendar year.  2 U.S.C. 441a(a)(1)(B); *Price Index Adjustments for*

*Contribution and Expenditure Limitations and Lobbyist Bundling Disclosure Threshold*, 78 Fed.

Reg. 8530-32 (Feb. 6, 2013).  National party committees like the plaintiff Republican National

Committee ("RNC") may not solicit, receive, direct, or spend funds that have been raised in

excess of that national-party contribution limit.  2 U.S.C. § 441i(a).  Nor can officers or agents of

the RNC, such as plaintiff Reince Priebus, solicit such funds.  *Id.*

Under FECA, contributions to state and local party committees may not exceed $10,000

per year.  2 U.S.C. § 441a(a)(1)(D).  With certain exceptions not at issue here, that contribution

limit represents the annual amount that such committees, including plaintiffs Republican Party of

Louisiana, Jefferson Parish Republican Parish Executive Committee, and Orleans Parish

Republican Executive Committee, can receive from an individual donor in a calendar year in

order to make federal contributions or expenditures, 2 U.S.C. § 431(4), or pay for "Federal

election activity."  2 U.S.C. § 441i(b).  FECA does not limit the amount that state and local

parties may receive from donors for other purposes.

There are no limits on the amounts that political parties can spend to make independent expenditures. *Colo. Republican Fed. Campaign Comm. v. FEC*, 518 U.S. 604, 617 (1996) ("*Colorado I*"). FECA defines "independent expenditure" as an expenditure "(A) expressly advocating the election or defeat of a clearly identified candidate; and (B) that is not made in concert or cooperation with or at the request or suggestion of such candidate, the candidate's authorized political committee, or their agents, or a political party committee or its agents." 2 U.S.C. § 431(17); *see also* 11 C.F.R. § 109.30 ("Political party committees may make independent expenditures subject to the provisions in this subpart."). However, such independent expenditures must be made with funds raised within the federal contribution limits. 2 U.S.C. §§ 441a(a)(1)(B), (D).

Plaintiffs allege that these provisions are unconstitutional as applied to certain activities they wish to engage in. Specifically, plaintiffs argue that (1) political parties have a constitutional right to accept unlimited contributions for the exclusive purpose of engaging in federal independent expenditures (Compl. ¶¶ 35-42 (Docket No. 1)); (2) party officers and agents have a constitutional right to solicit and direct such unlimited contributions (*id.* ¶¶ 43-47); and (3) state and local parties have a constitutional right to accept unlimited contributions for engaging in "independent" federal election activity (*id.* ¶¶ 48-54). Among other relief, plaintiffs seek a judgment declaring these provisions unconstitutional. (*Id.* at 18-19, Prayer for Relief ¶¶ 1-12.)

## B.    Procedural History

On May 23, 2014, plaintiffs filed this suit. (Compl. (Docket No. 1).) One week later, plaintiffs filed an application to have the case heard by a three-judge court (Am. Appl. For Three

Judge Ct. & Mem. in Supp. (Docket No. 5)) and a motion to expedite the proceedings (Pls.' Mot. to Expedite This Action ("Expedition Mot.") (Docket No. 6)).  The motion for expedition asked the Court to impose an unspecified "limit" on discovery and to "change the limits for summary-judgment filings."  (Expedition Mot. at 1.)  The FEC's opposition to the expedition motion explained, among other things, that such expedition would be prejudicial and that the FEC should be permitted to engage in discovery to defend the challenged provisions.  (FEC's Opp'n to Pls.' Mot. to Expedite This Action ("FEC Expedition Opp.") at 13-16 (Docket No. 18).)  The FEC's opposition to the application for a three-judge court explained that the convening of such a court would be improper in part because some of this case is subject to FECA's special review provision, 2 U.S.C. § 437h, which grants exclusive merits jurisdiction over any non-frivolous claims made by certain persons to the *en banc* court of appeals, not the district court.  *See* FEC's Opp'n to Pls.' Appl. for a Three-Judge Ct. ("FEC Three-Judge Court Opp.") at 22-24 (Docket No. 17); *see also Wagner v. FEC*, 717 F.3d 1007, 1011 (D.C. Cir. 2013).

On July 10, 2014, the parties conferred by phone pursuant to Rule 26(f) to devise a discovery plan, at which time the FEC again stated that it intended to take discovery to defend the challenged provisions.  (*See* Decl. of Counsel in Supp. of FEC's Mot. to Allow Time for Disc. Under Rule 56(d) ("Nesin Decl.") ¶ 5 (Docket No. 27-1).)  Plaintiff's counsel indicated that plaintiffs were likely amenable to at least a limited period of discovery, subject to further discussion with plaintiffs.  (*Id*.)  The FEC also noted during the conference that, to the extent this case is subject to the mandatory procedures of 2 U.S.C. § 437h, this Court must make findings of fact but lacks jurisdiction to rule for plaintiffs on the merits, and therefore it would not be able to grant summary judgment to at least three of the six plaintiffs.  (*Id.* ¶ 6.)  Four days after the phone conference, and only two days prior to the Court's hearing on the motion for expedition

4

and application for a three-judge panel, plaintiffs moved for summary judgment.  (Pls.' Mot. for

Summ. J. ("Pls.' Mot.") (Docket No. 25).)  In the joint scheduling report filed on July 24, 2014,

the Commission proposed a discovery and briefing schedule consistent with many past

constitutional challenges to FECA.  (Joint Scheduling Report at 7-9 (Docket No. 26).)  In their

portions of the report, plaintiffs retreated from the suggestion that even "limit[ed]" discovery

might be appropriate (*compare* Pls.' Reply to Def's Response to Pls.' Mot to Expedite this

Action at 3 (Docket No. 22) (protesting the FEC's characterization that the plaintiffs were

arguing for no discovery at all)) and suggested that the Court enter a scheduling order that

deprives the Commission of any discovery (Joint Scheduling Report at 5-7).

Several matters already pending before the Court, therefore, may affect the conduct of

discovery and merits briefing in this case.  The pending decision on the three-judge court

application will determine whether a statutory expedition provision applies, and may result in a

determination that the Court lacks jurisdiction to grant summary judgment to some plaintiffs.

## II.     THE COURT SHOULD GRANT THE COMMISSION'S RULE 56(d) MOTION AND DENY PLAINTIFFS' SUMMARY JUDGMENT MOTION IN ORDER TO ALLOW ADEQUATE TIME FOR DISCOVERY

### A.     Plaintiffs' Summary Judgment Motion Is Premature Because It Was Filed Soon After the Complaint and Before Adequate Time for Discovery

As the Commission explained in detail in its opposition to the plaintiff's motion for

expedition, plaintiffs have ignored the general rule that "summary judgment is premature unless

all parties have 'had a full opportunity to conduct discovery.'"  *Convertino v. DOJ*, 684 F.3d 93,

99 (D.C. Cir. 2012) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 257 (1986)); *see*

FEC Expedition Opp. at 5-11 (Docket No. 18).  Due process requires courts to "afford the parties

a full opportunity to present their respective cases" before ruling on the merits.  *Univ. of Tex. v.*

*Camenisch*, 451 U.S. 390, 395 (1981) (citation and quotation marks omitted); *see also* Edward

Brunet, *The Timing of Summary Judgment*, 198 F.R.D. 679, 687 (2001) ("[I]t would be patently

unfair to permit a judgment to be entered against a person without affording that party the

opportunity to gather and submit evidence on his or her behalf.").

Numerous Federal Rules of Civil Procedure embody the bedrock requirement that parties

must have an adequate opportunity to gather evidence to defend themselves.  Rule 56(b) sets the

default deadline for filing a motion for summary judgment at "30 days after the close of all

discovery."  Rule 56(d)(2) expressly contemplates deferring summary judgment in order to

"allow time" for the non-movant "to take discovery."  Also, upon converting a motion to dismiss

to a motion for summary judgment under Rule 12(d), a district court must give the parties "a

reasonable opportunity to present all the material that is pertinent to the motion" before ruling,

including the opportunity to "pursue reasonable discovery."  *Taylor v. FDIC*, 132 F.3d 753, 765

(D.C. Cir. 1997) (citation and quotation marks omitted)*; see also* FEC Expedition Opp. at 6.

Courts have long emphasized the fundamental importance of creating a full factual record

in cases involving constitutional challenges to FECA, like the one here.  *See, e.g.*, *Bread

Political Action Comm. v. FEC*, 455 U.S. 577, 580 (1982) (requiring district court to make

findings of fact before certifying constitutional question to en banc court of appeals under 2

U.S.C. § 437h); *Cal. Med. Ass'n v. FEC*, 453 U.S. 182, 192 n.14 (1981) ("[I]mmediate

adjudication of constitutional claims . . . would be improper in cases where the resolution of such

questions required a fully developed factual record."); *FEC v. Colo. Republican Fed. Campaign

Comm.*, 533 U.S. 431, 457-65 (2001) (upholding federal limits on coordinated expenditures

between political parties and candidates based on summary-judgment record containing

"substantial evidence [of] how candidates, donors, and parties test the limits of the current law

and . . . how [those] contribution limits would be eroded if" the challenged limits were

invalidated); *Colorado I*, 518 U.S. at 618 (plurality opinion) (discussing importance of record

evidence in reviewing constitutionality of limits on political-party expenditures); *SpeechNow.org*

*v. FEC*, 599 F.3d 686, 697 (D.C. Cir. 2010) (*en banc*) (relying on evidence presented to district

court regarding plaintiffs' plans to make and receive contributions in future elections); *Buckley v.*

*Valeo*, 519 F.2d 817, 818 (D.C. Cir. 1975) (*en banc*) (*per curiam*) (ordering district court to

"[t]ake whatever may be necessary in the form of evidence" and "[m]ake findings of fact with

reference to those issues"); *Libertarian Nat'l Comm. v. FEC*, 930 F. Supp. 2d 154, 156-57, 166-

67 (D.D.C. 2013) (allowing seven months for discovery in an as-applied challenge to a

contribution limit, and then relying in part upon plaintiff's deposition testimony to deny its

claim), *aff'd mem. in relevant part*, No. 13-5094, 2014 WL 590973 (D.C. Cir. Feb. 7, 2014);

*Wagner v. FEC*, Civ. No. 11-1841 (D.D.C. Apr. 26, 2012) (Docket No. 29) (allowing discovery

in as-applied constitutional challenge to FECA ban on contributions by federal government

contractors), *vacated for lack of jurisdiction,* 717 F.3d 1007 (D.C. Cir. 2013); *Cao v. FEC*, 688 F.

Supp. 2d 498, 504-34 (E.D. La. 2010) (making findings of fact relying on discovery materials

following four-month discovery period), *aff'd sub nom. In re Cao*, 619 F.3d 410, 414, 433 &

n.32 (5th Cir. 2010) (*en banc*) (relying on deposition testimony and finding district court

"abid[ed] by its proper role" in a case brought under 2 U.S.C. § 437h)*; see also* FEC Expedition

Opp. at 6-8.

**B.      Rule 56(d) Bars Plaintiffs from Railroading the FEC into Summary Judgment Briefing Without Discovery Essential to Its Defense of This Constitutional Challenge**

Rule 56(d) prevents a nonmoving party from being "railroaded" into summary judgment

by a "premature motion." *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986).[1]  When faced with

---

[1]      That case, like many cited herein, applied the former Rule 56(f), which was identical in substance to the current Rule 56(d).

a premature motion, the nonmoving party is required to file an affidavit under Rule 56(d).

*Convertino*, 684 F.3d at 99.  The Rule 56(d) affidavit "must outline the particular facts [the non-

movant] intends to discover and describe why those facts are necessary to the litigation."  *Id.*

(citing *Byrd v. U.S. Envtl. Prot. Agency,* 174 F.3d 239, 248 (D.C. Cir. 1999)).  The affidavit or

declaration must also explain why the non-movant "could not produce [the facts] in opposition to

the motion [for summary judgment]."  *Convertino*, 684 F.3d at 99-100 (quoting *Carpenter v.*

*Fed. Nat'l Mortg. Ass'n,* 174 F.3d 231, 237 (D.C. Cir. 1999)).  Lastly, "it must show the

information is in fact discoverable."  *Convertino*, 684 F.3d at 100 (citing *Messina v. Krakower,*

439 F.3d 755, 762 (D.C. Cir. 2006)).  The district court must then (1) "defer considering the

motion or deny it"; (2) "allow time to obtain affidavits or declarations or to take discovery"; or

(3) "issue any other appropriate order."  Fed. R. Civ. P. 56(d).  "Time for additional discovery

should be granted 'almost as a matter of course unless the non-moving party has not diligently

pursued discovery of the evidence.'"  *Convertino*, 684 F.3d at 99 (quoting *Berkeley v. Home Ins.*

*Co.,* 68 F.3d 1409, 1414 (D.C. Cir. 1995)); *see also id.* ("Consistent with the salutary purposes

underlying Rule [56(d)], district courts should construe motions that invoke the rule generously,

holding parties to the rule's spirit rather than its letter.").

     As explained in its attached Rule 56(d) declaration, the FEC requires discovery to present

evidence that is essential to its defense of FECA against plaintiffs' as-applied constitutional

challenge.  (*See* Nesin Decl. ¶¶ 7-8.)  Indeed, although plaintiffs claim in their motion for

summary judgment that their case "raises pure questions of law" (Mem. in Supp. of Pls.' Mot.

for Summ. J. at 1 (Docket No. 25-1)), their Complaint alleges that the FEC's defense "requires

evidence" of how the challenged FECA provisions prevent corruption and its appearance

(Compl. ¶¶ 40, 47, 54).[2]

Specifically, the Commission needs discovery from plaintiffs and possibly third parties to

obtain evidence that political-party contribution limits continue to deter *quid pro quo* corruption

and its appearance as applied to the independent expenditures plaintiffs seek to make in support

of federal candidates using unlimited funds.  (Nesin Decl. ¶ 8.a.)  The FEC needs discovery to

show the particular corruption dangers that are currently present in the case of national, state, and

local political party committees like the plaintiffs, government interests that the Supreme Court

has previously indicated are weighty enough to sustain contribution limits.  (Nesin Decl. ¶ 8.b.)

This may include written discovery to parties, depositions, and expert testimony.  (Nesin Decl. ¶

10.)  Moreover, because the *appearance* of corruption is a distinct interest justifying the

challenged provisions, the Commission will seek evidence about whether the acceptance by

political parties of unlimited contributions to be used for independent expenditures would create

that appearance.  (Nesin Decl. ¶ 8.c.)  The Commission also needs discovery regarding whether

plaintiffs contend they lack the resources for effective advocacy under the existing contribution

limits.  Nesin Decl. ¶ 8.d; *McConnell v. FEC,* 540 U.S. 93, 135 (2003) ("[C]ontribution limits

impose serious burdens on free speech only if they are so low as to 'preven[t] candidates and

political committees from amassing the resources necessary for effective advocacy.'" (quoting

*Buckley*, 424 U.S. at 21)).  In addition, the Commission may seek discovery regarding the

manner in which plaintiffs will raise and spend the unlimited funds they seek, and the

proportionality of a political-party contribution limit to further the important interest in

---

[2]     Although plaintiffs' claims here are insubstantial and therefore unworthy of review by a
three-judge court, it is possible that appellate courts may revisit controlling authority, *see, e.g.*,
*McCutcheon v. FEC*, 134 S. Ct. 1434, 1446-47 (2014), and a full record should be available
during appellate review for that contingency.  (*See* FEC Three-Judge Court Opp. at 24.)

combating corruption.  (Nesin Decl. ¶ 8.e.)  Third-party discovery from entities situated similarly

to plaintiffs may provide additional evidence of the threat of corruption posed by parties' use of

unlimited funds for independent expenditures.  (Nesin Decl. ¶ 8.f.)  Lastly, discovery may be

necessary for the FEC to test the jurisdictional bases for plaintiffs' claims.  (Nesin Decl. ¶ 8.g.)

     A recent order issued in *Stop Reckless Economic Instability Caused by Democrats, et al.*

*v. FEC* ("*Stop PAC*"), No. 14-397 (E.D. Va. June 18, 2014) (Docket No. 32) illustrates the

prematurity of plaintiffs' motion for summary judgment here.  (*See* FEC Supp. Auth. (Docket

No. 19).)  Like this case, *Stop PAC* is a constitutional challenge to FECA contribution limits, and

like plaintiffs here, the *Stop PAC* plaintiffs sought summary judgment before the Commission

could pursue any discovery.  *See* Def. FEC's Mot. to Allow Time for Disc. Under Rule 56(d) and

in Opp'n to Pls.' Mot. for Summ. J. at 7-16, *Stop PAC*, No. 14-397 (E.D. Va. May 23, 2014)

(Docket No. 27).  The Commission responded by filing a motion under Rule 56(d) to allow

adequate time for record development.  *Id.*  The district court granted the Rule 56(d) motion and

denied plaintiffs' motion for summary judgment "without prejudice to its being refiled at an

appropriate time."  (FEC Supp. Auth., Exh. 1 at 2 (Docket No. 19).)  The *Stop PAC* court

concluded "that the [FEC] is entitled to a reasonable opportunity to obtain discovery for th[e]

purpose [of building an adequate factual record], that there are no facts or circumstances that

would justify adjudicating plaintiffs' constitutional claims in the absence of such a record," and

that plaintiffs' attempt to pursue summary judgment before the FEC had an opportunity to obtain

any discovery was "therefore premature."  (*Id.*)  The same is true here.

## III.    CONCLUSION

For the foregoing reasons, the Court should grant the Commission's Rule 56(d) motion

and deny plaintiffs' motion for summary judgment to allow the FEC time to take discovery.

Respectfully submitted,

Lisa J. Stevenson (D.C. Bar No. 457628)
Deputy General Counsel — Law

Kevin Deeley
Acting Associate General Counsel

Harry J. Summers
Assistant General Counsel

/s/ Seth Nesin
Seth Nesin

Greg J. Mueller (D.C. Bar No. 462840)
Charles Kitcher (D.C. Bar No. 986226)
Attorneys

COUNSEL FOR DEFENDANT
FEDERAL ELECTION COMMISSION
999 E Street NW
Washington, DC 20463
July 31, 2014                         (202) 694-1650